**STANDARD OIL CO., Plaintiff,**

v.

**OSAGE OIL AND TRANSPORTATION, INC., et al., Defendants.**

No. 85–C–1140–E.

United States District Court, N.D. Oklahoma.

Feb. 11, 1988.

ORDER

ELLISON, District Judge.

The Court has before it for its consideration the Defendants' Objection to the Findings and Recommendations of the Magistrate concerning the attorneys' fees and expenses to be awarded to the Plaintiff in conjunction with Plaintiff's Motion to Compel Discovery. Plaintiff's Application sought reimbursement in the amount of $15,057.06. The Magistrate recommended that this sum be reduced to $7,564.66 based on duplication of services and reduction of hourly rates to those common in the Tulsa, Oklahoma community. The Defendants contend that travel time for out of state counsel should not be included under *Ra-*

*mos v. Lamm,* 713 F.2d 546 (10th Cir.1983) and that the hours expended by counsel were not reasonable.

 The Court has had the benefit of receiving evidence at the non-jury trial of this trademark case, and is familiar with the issues of law for which discovery was sought. Although in *Ramos* the United States Court of Appeals for the Tenth Circuit held that travel expenses for counsel outside the area should be allowed only in unusual cases, this is such a case. The Plaintiff's Washington, D.C. counsel specializes in trademark law, and was prosecuting this action with little substantive involvement of local counsel. Local counsel could not have simply stepped in to perform the needed discovery. Therefore travel time and expenses for the lead counsel from Washington, D.C. to Oklahoma were proper.

The second issue raised by the Defendants is the reasonableness of the time expended. The Court has independently reviewed the fee materials and pleadings submitted by the Plaintiff and is satisfied that the hours expended were reasonable.

Accordingly, the Court accepts the Findings and Recommendations of the Magistrate and fixes the attorneys' fees and expenses previously awarded to Plaintiff in the sum of $7,564.66.

### FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE

JOHN LEO WAGNER, United States Magistrate.

The above-styled case is now before the Magistrate for determination of the amount of attorney fees and costs to be assessed against defendants and defense counsel jointly and awarded to plaintiff in connection with its Motion to Compel Discovery Under Rule 37. Having carefully reviewed the court's order, briefs in support and opposition thereto, and relevant legal authority, the Magistrate finds and recommends as follows:

On April 16, 1987, plaintiff was forced to file a motion in accordance with Federal Rule of Civil Procedure 37 to compel discovery because of defendants' repeated failure to provide certain documents, interrogatories, and admissions to plaintiff. Plaintiff filed on April 28, 1987, a Rule 37 motion to obtain reimbursement of discovery expenses incurred when defendants failed to cooperate in providing a requested and jointly agreed-upon documents inspection on April 6, 1987.

At a hearing on May 27, 1987, this Magistrate recommended that plaintiff's Motion to Compel be granted and its Motion for Award of Discovery Expenses be granted against Osage, Davko, and defendants' counsel jointly, upon proper application within ten days of the court's order. On June 17, 1987, the court issued its order affirming the Magistrate's recommendations, and defendant was ordered to provide all requested documents and responses by June 30, 1987, to the office of plaintiff's local counsel.

On June 29, 1987, plaintiff filed its application for Attorneys Fees and Expenses Incurred, seeking the award of $15,057.06, including $11,768.75 in attorney fees, $347.50 in paralegal fees, and $2,940.81 in expenses. These fees and expenses were allegedly associated with the transmittal of several letters to defendants in an attempt to obtain from them overdue discovery, round-trip travel between Washington, D.C. and Tulsa to inspect defendants' documents in Tulsa, which were unavailable for inspection upon plaintiff's arrival, the preparation of the Motion to Compel and the Motion to Recover Discovery Expenses, and appearance at the hearing before the Magistrate on the motions. Plaintiff seeks fees and travel expenses for a Washington, D.C. law firm specializing in trademark law (and acting as co-counsel in this case), but not for its own in-house counsel, except the travel expenses incurred by the in-house counsel for the hearing in Tulsa on May 27, 1987. Plaintiff alleges that the only expenses for which it seeks reimbursement are those resulting from defendants' continued unwillingness to provide requested discovery materials to plaintiff.

Defendants have objected to plaintiff's Application for Attorneys Fees and Ex-

penses, saying that the application is grossly exaggerated, requests a ridiculous sum, and seeks fees for services that go beyond the scope of the court's order.

The Tenth Circuit has established the steps to be followed in determining fee awards. In *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983), the court said that the first step was to determine the number of hours reasonably spent by counsel for the party seeking the fees, based on time records presented by the attorney. *Id.* at 553.

> In determining what is a reasonable time in which to perform a given task ... the court should consider that what is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side.

*Id.* at 554.

The second step was to set a rate of compensation for the hours expended by determining what lawyers of comparable skill and experience practicing in the area in which litigation occurs would charge. *Id.* at 555. "[T]he fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Id.* The fee award thus determined may be enhanced in cases in which the success achieved by the attorney was exceptional. *Id.* at 557. Expenses should be allowed as fees only if such expenses are usually charged separately in the area. *Id.* at 559.

The Oklahoma Supreme Court dealt with the issue of the proper procedure for establishing reasonable attorney fees in *State Ex Rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla.1979). The court stated that the following factors should be considered in arriving at a just compensation for work done by attorneys: time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Id.* at 661.

After examining the accounting of attorney fees and expenses presented by plaintiff as related to its Rule 37 motions against defendants to compel discovery and obtain reimbursement of discovery expenses, the Magistrate finds that the amount of $7,564.66 is to be assessed against defendants Osage, Davko, and their counsel jointly.

■ The court's Order awarded fees and expenses incurred in connection with the abortive April 6, 1987, document production trip to Tulsa, and plaintiff's motion to compel. Fees and expenses incurred prior to April 6, 1987 (or incurred "in preparation" for the April 6, 1987 excursion) are not properly awarded. In addition, the Magistrate finds that there was unnecessary duplication of services in that three attorneys for plaintiff attended the hearing before him on May 27, 1987. As a result, the ten hours of time for the associate from Washington, D.C. who attended and his travel expenses will not be included in the fee award, nor will travel expenses for in-house counsel.

■ The Magistrate further finds that the rate of compensation for the hours expended by plaintiff's Washington, D.C. counsel should be comparable with the amount that lawyers of similar skill and experience practicing in Tulsa, Oklahoma would charge. Therefore, the partners are to be compensated at the rate of $150.00 per hour, and associates are to be compensated at the rate of $100.00 per hour. Thus, the fees to be awarded for 17¼ hours of partners' work amount to $2,587.50, and the fees to be awarded for 33 hours of associates' work amount to $3,300.00.

■ Finally, the Magistrate finds that the 3.5 hours of paralegal work are to be reimbursed in the amount of $40.00 per hour, the rate of compensation for work done by paralegals practicing in Tulsa,

Oklahoma, as these paralegal services are not part of office overhead in the area. Thus, the fees to be awarded for paralegal work amount to $140.00. In addition, the costs of airfare, hotel, car rental, and meal expenses for the trips to Tulsa of one associate on April 6, 1987 and one partner on May 27, 1987 are to be reimbursed in the amount of $1,537.16.

In conclusion, the Magistrate finds that the amount of $7,564.66 is a reasonable award of discovery expenses to be granted against defendants Osage, Davko, and defendants' counsel jointly because of their failure to produce documents requested by plaintiff, which prolonged and complicated the prosecution of this action and consumed unnecessarily the time and energies of the parties and this court.

Dated this 4th day of December, 1987.